LABORDE, Judge.
This is a civil service-appeal.. Plaintiff, Glen Dyer, was fired from his position as a police officer with the City of Oakdale. The Oakdale Municipal Fire and Police Civil Service Board (the Board) upheld plaintiffs dismissal after a hearing. Plaintiff appealed to the district court which reversed the Board’s decision. The district court found that plaintiff was improperly discharged and ordered his reinstatement as a police officer. From that judgment, the City of Oakdale and the Board appeal. We reverse.
FACTS
The plaintiff was first employed as a police officer with the City of Oakdale on October 19, 1981. He served until January 20,1984, when he resigned. At the time of his resignation, he had achieved the rank of sergeant. On May 1, 1984, plaintiff was rehired by the City of Oakdale. His classification was Police Officer First Class. However, on November 1, 1984, plaintiff was suspended without pay for three days effective November 4, 5, and 6th. The suspension arose out of plaintiff’s actions while on duty on the night of October 31, 1984. Plaintiff gave the keys of his vehicle to Sgt. Jerry Chamberlain, an off duty Oakdale policeman, knowing that Sgt. Chamberlain had been drinking. He allowed Sgt. Chamberlain to drive off the police parking lot.
On November 7, 1984, the City of Oak-dale terminated plaintiff’s employment, finding that he had not successfully completed his probationary working test period. The following day, plaintiff submitted a letter to the Board requesting a hearing to appeal his termination. The Board determined that plaintiff was not entitled to a hearing due to the fact that he was never made a permanent employee of the Oak-dale Police Department after being rehired on May 1, 1984.
On March 14, 1986, plaintiff filed suit against the City of Oakdale and the Board seeking damages. He alleged that he was improperly classified as a probationary officer, when in fact he was a Patrolman First Class. He also alleged that he was discharged without just cause and in violation of his Constitutional rights. The trial court remanded this matter to the Board for the purpose of granting plaintiff a hearing on his appeal. At a hearing held on April 21, 1987, the Board determined that plaintiff did not successfully complete his probationary working test period and that the appointing authority was justified in terminating him.
*1140 On May 18,1987, plaintiff filed a Supplemental and Amending Petition appealing the Board’s decision and the matter was submitted to the trial court on the record made at the hearing. The trial court rendered judgment on November 19th, 1987, in favor of the plaintiff, ordering his reinstatement as an Oakdale police officer in the classification of Patrolman First Class. The trial court also awarded plaintiff his regular salary as a Police Officer First Class, and all other benefits provided by the City of Oakdale for its police officers retroactive to November 7, 1984, together with legal interest from the date of judicial demand.
The trial court stated its reasons for concluding that plaintiff was improperly discharged by the City of Oakdale:
“... the Court is of the opinion that the sole issue is whether or not the plaintiff was a probationary officer or an officer who had come under the protection of the Civil Service Act when he was rehired May 1, 1984. The discharge of Officer Dyer on November 7, 1984, was without hearing as the defendant contends none was necessary alleging that Mr. Dyer was a probationary officer. However, it is plainly shown by the record that the plaintiff was re-employed in the classification of Patrolman First Class, not as a probationary officer. At the time of his resignation on January 20, 1984, Officer Dyer was a “regular employee.” Section 2550 of Title 33 of the Revised Statutes provides that a regular employee who resigns from a position in the classified service may be reemployed in a position of the class or in a position of any lower class for which he is qualified. This is provided the re-employment is made within four (4) years from the date of resignation. It is obvious that the length of time between January 20, 1984, and May 1, 1984, is not four (4) years. The chief contention of the defendant is that plaintiff did not receive prior approval of the Board before being re-employed. However, the Court is of the opinion that the Board acquiesced in the re-employment of this police officer as the city was well aware of his re-employment for a period of six (6) months less three (3) days before terminating him. Additionally, documentary evidence was introduced on a form provided by the Civil Service Board stating that the Officer was ré-employed as a Patrolman First Class and not in the position of a probationary officer. Therefore, the Court construes this to mean acquiescence by the Board and can be construed by prior approval of the board with the formality of a hearing prior to re-employment.”
WORKING TEST PERIOD
Defendants appeal,[1] alleging that the trial court erred when it concluded that plaintiff was re-employed as a regular and permanent employee pursuant to LSA-R.S. 33:2550(D). We agree. Our review of the record herein, convinces us that plaintiff clearly fell within the provisions of LSA-R. S. 33:2555 as a working test employee.[2] That statute provides in pertinent part:
“Every -person appointed to a position in the classified service following the certification of his name from a promotional or a competitive employment list, except those appointed on a temporary basis, shall be tested by a working, test while occupying the position before he may be confirmed as a regular and permanent employee in the position.
The period of the working test shall commence immediately upon appointment and shall continue for a period of not less than six months nor more than one year. Any employee who has served at least three but less than six months of his working test for any given position may be removed therefrom only with the prior approval of the board, and only upon the grounds that (1) he is unable or unwilling to perforin satisfactorily the duties of the position to which he has *1141 been appointed or (2) his habits and dependability do not merit his continuance therein. Any such employee may appear before the board and present his case before he is removed.
Upon any employee completing his working test, the appointing authority shall so advise the board and furnish a signed statement to the respective employee of its confirmation and acceptance of the employee as a regular and permanent employee in the respective position, or of its refusal to confirm the employee, and the reasons therefor_ Any employee who is rejected after serving a working test of six months but not more than one year, may appeal to the board only upon the grounds that he was not given a fair opportunity to prove his ability in the position.” [Emphasis Added]
We find that the requirement of successfully completing a working test period is applicable to classified employees who have been rehired as well as to new or transferred employees. We also find that the Board did not err in finding that plaintiff was a probational police officer who had not successfully completed his working test period as of the date of his discharge.[3] Our review of the record indicates that plaintiff failed to comply with the requirements of LSA-R.S. 33:2550 for being rehired as a regular employee. There is no convincing evidence that plaintiff obtained prior approval of the Board before being re-employed or that he furnished a favorable medical certificate to the appointing authority and the board after a recent physical examination.
The testimony of other employees rehired by the City of Oakdale revealed that they had to serve a working test period of at least six months before being confirmed again as regular or permanent employees. Detective Sergeant Bob Smith testified that he had to serve a six month working test period after he was rehired. He also testified that he knew of no one who had left the police force and later returned without having to serve this working test period. Radio Dispatcher, Jane Johnson, also testified that she was required to serve a six month working test period before receiving notification that she was a regular employee again. Johnson testified that she was not specifically told she was on probationary status, but that she knew she was, as this was standard procedure. Johnson stated that after completing six months of her working test period, she received notification that she had completed her probationary period and was reinstated as a permanent employee. She also testified that she knew of no person who had left the police department and then later was reemployed without serving a six month working test period.
After carefully reviewing the record, we find that plaintiff was not re-employed as a permanent police officer. Plaintiff was rehired by the City of Oakdale on May 1, 1984, and was discharged by that body on Nov. 7,1984 (after a three day suspension), for his actions while on duty, occurring on October 31, 1984. Thus, plaintiff served a working test of six months but not more than a year. As such, under LSA-R.S. 33:2555, he had the right to appeal to the Board only upon the ground that he was not given a fair opportunity to prove his ability in the position.[4]
TERMINATION
In the present case, the Board originally denied plaintiff a hearing on his appeal. However, plaintiff was ultimately granted a full scale appeal and all testimony was recorded and transcribed verbatim.
*1142 Our review of the record herein, convinces us that the Board did not act arbitrarily or discriminatorily in sustaining the dismissal of plaintiff so as to abuse its discretion. The facts show that on the night of October 31, 1984, plaintiff gave the keys of his vehicle to Sgt. Jerry Chamberlain, an off-duty juvenile officer, knowing that Sgt. Chamberlain was under the influence of alcohol. Plaintiff watched Sgt. Chamberlain drive his vehicle from the parking lot without any admonition other than to tell him not to go too far because the vehicle was almost out of gas. During that same evening plaintiff actively cooperated with Sgt. Chamberlain to release a prisoner on bond in violation of existing Oakdale Police Department policy. Plaintiffs actions were carried out without consulting with his Shift Sergeant or the acting Police Chief, Bob Smith.
The Board has the responsibility to determine the credibility of witnesses, evaluate testimony, and find facts. The appropriate standard of appellate review is to determine if the Board acted in good faith and for cause as required by LSA-R. S. 33:2561. Cherry v. Monroe Municipal Fire and Police Civil Service Board, 514 So.2d 738, 739 (La.App. 2d Cir.1987). In the instant case, the Board’s decision was neither arbitrary nor capricious. Plaintiffs unprofessional conduct was such, that the Board could properly sustain his dismissal in order to avoid some detriment to the department. Thus, we find that the actions of the appointing authority and the Board were made in good faith for cause.
Accordingly, the judgment of the trial court is reversed. The decision of the Board to dismiss plaintiff is affirmed. Costs of this appeal are taxed to plaintiff.
REVERSED AND RENDERED.

. We note that plaintiff is not represented on appeal and has not filed a brief with this court.

. The law governing fire and police civil service for small municipalities is found at LSA-R.S. 33:2531 — 2568.

. Although the Board found that plaintiff was a probational police officer as of the date of his discharge, it appears that the Board did not find that plaintiff bad completed his six month working test period. We disagree with this latter finding for the reasons expressed in text (page 5).

. Apparently, both the Board and the trial court erroneously concluded that an employee with probationary status was not entitled to a hearing. In fact, under LSA-R.S. 33:2555 a probational patrolman, with between three and six months service, can be dismissed only with pri- or approval of the Board, and after a hearing, if the employee desires one.